IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, et al., | ) | |
| | ) | CASE NO.  1:15 CV 679 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES ARMY CORPS OF | ) | |
| ENGINEERS, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on Plaintiff State of Ohio and Intervening Plaintiff

Cleveland-Cuyahoga County Port Authority's Joint Motion to Complete and Supplement the

Administrative Record. (ECF #60).  Defendants filed a Motion in Opposition to this Request,

(ECF #64), and Plaintiffs filed a Reply in support of their Motion, (ECF #66).  For the reasons set

forth below, Plaintiffs' Motion is GRANTED.

The action before this Court is a review of three administrative decisions made by the

United States Army Corps of Engineers ("the Corps"): the Federal Standard for disposal of the

harbor sediment as set forth in a December 17, 2014 Memorandum for Record by Lieutenant Colonel Karl Jansen; the Corps' Environmental Assessment and Finding of No Significant Impact, dated December 18, 2014; and, the Corps' decision to refrain from dredging unless the State or a third-party paid the cost of disposing of the sediment in a confined disposal facility ("CDF"). These decisions were apparently based on the Corps determination that the sediment to be dredged from the Cleveland Harbor's Sixth Mile was safe for open-lake placement in Lake Erie and did not require special disposal in CDF.

The Corps determined that open water placement was the "least costly alternative[] consistent with sound engineering practices and meeting environmental standards established by the 404(b)(1) evaluation process or ocean dumping criteria." 33 C.F.R. § 335.7. The Ohio EPA refused to certify the open water placement for the dredged material. However, because the Corps decided that it was not authorized to pay for the more costly disposal alternative wherein the sediment would be placed in a CDF, it offered two alternatives: it would dredge and dispose of the sediment in a CDF at the state's (or some other third party's) expense, or it would not dredge the contested section of the harbor at all. The harbor was eventually dredged and the contested sediment was disposed of in a CDF. The question of who should pay for this more costly disposal method is now before the Court for review. Plaintiffs contest the Corps' administrative determination that it is not responsible for the additional cost of this type of disposal.

In order to address this issue, the Plaintiffs brought this case under the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, *et seq*., which provides for judicial review of an agency's decision. Judicial review is limited to a determination of whether the agency's decision

-2-

was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The APA states that in making its decision, "[t]he court shall review the whole record." 5 U.S.C. § 706. Its review "is to be based on the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The agency is tasked with preparing the record by gathering "all materials compiled by the agency that were before the agencey at the time the decision was made." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). Based on the record, the Court must determine whether the agency "considered the relevant factors and has provided an explanation that rationally connects the data with the choice made." *Latin Americans for Soc. & Econ. Dev. v. Adn'r of Fed. Highway Admin.*, 756 F.3d 447, 464 (6th Cir. 2014).

Plaintiffs allege that Defendants have not produced all of the documents that should be considered as part of the administrative record on review in this action. They seek an order compelling the Defendants to file additional documents which were in Defendants' possession prior to the administrative decision at issue and which should, therefore, have been part of the administrative record on review. They also seek to supplement the administrative record with information that may not have been before the administrative agency at the time of the decision, but which Plaintiffs believe should have been considered in the administrative review. Without such information, Plaintiffs claim that this Court will not be able to perform a meaningful review of this case because it will not have the information necessary to determine whether that Corps' decision was arbitrary, capricious, and/or unlawful.

Plaintiffs claim that the Corps provided only 164 documents, and declared that these

-3-

documents represented all of the information the Corps considered when making the decision that has been challenged in this action. The Corps has agreed to add nearly a third of the requested documents to the administrative record on review. (ECF #64, at 10, 12-14). The Corps does not agree to the addition of the remainder of the requested documents, however. One of the category of documents Plaintiffs seek to add was the 2014 sampling data from the sediment in the channel dredging sites. The Corps argues that the decision maker did not consider this information either directly or indirectly because the analysis of the data had not been completed at the time the final decision was made. Therefore, according to the Corps, this information is not part of the administrative record and should not be considered by this Court in its review of the agency decision.

The Corps cannot exclude evidence and materials that were available to the agency as part of its decision making process just because the ultimate decision maker did not consider or use that information in coming to his final decision. *See, Hayes v. United States*, 891 F.2d 235, 238 (9th Cir. 1989); *Fund for Animals v. Williams*, 245 F.Supp.2d 49, 55 (D.D.C. 2003); *Ad Hoc Metals Coal v. Whitman*, 227 F.Supp.2d 134, 139 (D.D.C. 2002); *Environmental Defense Fund, Inc. v. Blum*, 458 F.Supp. 650, 661 (D.D.C. 1978); *Pers. Watercraft Indus. Ass'n v. Dep't of Commerce*, 48 F.3d 540, 546 n.4 (D.C. Cir. 1995). Nor may the agency exclude information from the record merely because it chose not to rely on that information. A proper administrative record should include all of the evidence available to the agency and not only the evidence that supports the agency's decision. *See, Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984); *Fund for Animals v. Williams*, 245 F.Supp.2d 49, 55 (D.D.C. 2003). The Court has a duty to ensure not only that it conducts a proper review of the submitted record, but

-4-

also to ensure that the record contains all of the information that is relevant and reviewable. Without a complete record of the available information, the Court cannot determine whether an agency "considered the relevant factors and has provided an explanation that rationally connects the date with the choice made." *Latin Americans for Soc. & Econ. Dev. v. Adm'r of Fed. Highway Admin.*, 756 F.3d 447, 464 (6th Cir. 2014); *see also, Meister v. U.S. Dept. Of Agric.*, 623 F.3d 363, 377-78 (6th Cir. 2010). Further, it cannot determine whether a decision was arbitrary, capricious, or contrary to law, unless it has access to the relevant information that was available to the agency at the time the decision was made. *See, Id; Anglers of the Au Sable v. U.S. Forest Serv.*, 565 F.Supp.2d 812, 816 (E.D. Mich. 2008). Therefore, Plaintiffs' request that the record incorporate all of the raw data and other information available to the agency (not just viewed or considered by the ultimate decision maker within the agency) is well taken.

Plaintiffs are also entitled to a review of documents pertaining to the legality of the Corps' position that it was not required to dredge the contested portion of the harbor unless a non-federal entity paid for CDF disposal of the sediment. Part of this Court's review is to determine the legality of the agency's decisions, not only whether the factual conclusions supporting the decision were arbitrary and capricious. The information relating to the cost assigned to the CDF disposal process may be relevant to that determination.

In addition, Plaintiffs argue that the Corps did not properly investigate and respond to questions about the potential for sediment migration. Although the record does contain significant information relating to the Corps investigation of the potential for sediment migration, Plaintiffs argue that the standards the Corps applied were not scientifically sound and were not supported by law. The Court cannot determine the validity of these arguments without access to

-5-

the information showing what standard/model was applied, whether that standard/model was legally applicable, and whether the standard/model was consistently and completely followed.

The Court may permit supplementation of the administrative record submitted by the agency when: (1) an agency deliberately or negligently excludes certain documents; (2) the court needs certain background information in order to determine whether the agency considered all of the relevant factors; or (3) there is a strong showing of bad faith. Sierra Club v. Slater, 120 F.3d 623, 638 (6th Cir. 1997). The Corps has admitted that it negligently excluded certain documents from the administrative record submitted for review. Further, by applying an overly narrow definition of what documents were reviewable, the Corps negligently reduced the scope of the record even further. In addition, Plaintiffs have made a suffcient showing that current record does not contain all of the information this Court may need to determined whether the agency considered all of the relevant factors and/or applied the proper law when arriving at its decision. Although not all of the requested information may be relevant or may, in the end, properly become a part of the record on review, there is no way for the Court to determine which of the omitted documents will be necessary to the review process unless they are produced and evaluated.

For these reasons, Plaintiffs' Motion to Complete the Record is GRANTED. All of the requested information and data that was available to the agency at the time of the challenged decisions shall be added to the administrative record for review. Further, the requested information that became available to the agency or was generated after the challenged decisions were complete shall be turned over to the Plaintiffs in discovery, and will be evaluated by the Court to determine whether they are a necessary supplement to the record if they are cited in

-6-

support of Plaintiffs' arguments challenging the agency decision.  IT IS SO ORDERED

Donald C. Nugent
United Stated District Judge

Date: November 25, 2015