# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, *et al.*, | ) | CASE NO. 1:15-CV-00679 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES ARMY CORPS OF | ) | **CUYAHOGA COUNTY'S MOTION FOR** |
| ENGINEERS, *et al.*, | ) | **LEAVE TO APPEAR AS AMICUS** |
| | ) | **CURIAE AND FILE AN AMICUS BRIEF** |
| Defendants. | ) | |

By and through the undersigned counsel, Cuyahoga County hereby moves for leave to appear as *amicus curiae* and to file an amicus brief in this matter. Cuyahoga County has an important and unique interest to protect which this Court should consider when resolving the dispute between Plaintiffs State of Ohio and the Cleveland-Cuyahoga County Port Authority and Defendant United States Army Corps of Engineers.  Lake Erie not only provides the drinking water for almost all of the County's 1.2 million citizens, but also provides a thriving fishing industry which needs protection from lake pollutants, as well as a recreational venue and an economic engine for bringing residents of Cuyahoga County and visitors, including boaters and beach goers from outside of the County, into Northeast Ohio.  Clean water is of vital importance to the residents and businesses of Cuyahoga County which requires protection.  Accordingly, and for reasons set forth in the accompanying Memorandum in Support, which is incorporated herein by reference, Cuyahoga County respectfully requests that this Court exercise its broad discretion to grant Cuyahoga County leave to appear as *amicus curiae* and file the proposed amicus brief that is attached hereto as Exhibit A.

1

Respectfully Submitted,

**Cuyahoga County Department of Law**
**ROBERT J. TRIOZZI, Director (0016532)**

*/s/ Robin M. Wilson*
Robin M. Wilson (0066604)
Chief Trial Council
County Administrative Headquarters
2079 East 9th Street
Cleveland, OH 44115
(216) 443-7042 (Telephone)
(216) 698-2744 (Facsimile)
rwilson@cuyahogacounty.us

*Attorneys for Proposed Amicus Curiae Cuyahoga County*

[Representation and designation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Department of Law]

**MEMORANDUM IN SUPPORT**

I.    **BACKGROUND AND FACTS**

Cuyahoga County, located in Northeast Ohio, is the most populous county in Ohio with a population approaching 1.3 million people.  It has a total area of 1,246 square miles, 788 of those square miles consists of water.  Cuyahoga County's jurisdiction extends to the Canadian border in Lake Erie. This area includes the Cleveland Harbor and the area within Lake Erie identified by Defendant United States Army Corps of Engineers ("Corps") for the disposal of dredged sediment. Movant Cuyahoga County is responsible for the health and welfare of its citizens and its environment.[1]

The people of Cuyahoga County, through the Northeast Ohio Regional Sewer District, are subject to a Federal Consent Decree mandating remedial work to achieve compliance with the Clean Water Act and significant water quality improvement in Lake Erie, which is designated as a sensitive area.[2]  The mandatory remedial work is estimated to cost local ratepayers $3 billion; a multi-decade heavy burden of dedicated financial resources.

As set forth in Plaintiffs' Memorandum in Support of their Motion for Summary Judgment, Plaintiffs State of Ohio and the Cleveland-Cuyahoga County Port Authority, and the Corps dispute the appropriate method of disposal for sediment dredged from the Cleveland Harbor (See, e.g., Plaintiffs' MSJ Mem., Dkt. 101, at Summary of Argument).  This dispute has its genesis in the Corps' 2015 decision to set the Federal Standard for the disposal of sediment dredged from the Cleveland Harbor as "open-Lake disposal" despite failing to comply with Ohio's Federally-

---

[1] Movant Cuyahoga County is a body corporate and politic existing under the Charter of Cuyahoga County effective January 1, 2010 as same may have been amended, modified, and supplemented.

[2] *United States of America and State of Ohio v. Northeast Ohio Regional Sewer District*, N.D. Ohio Case No. 1:10-cv-02895-DCN, Doc. #23 filed 7/7/11 (definitions, p. 11).

approved Clean Water Act water quality standards. Id. The parties are in the process of filing cross-motions for summary judgment.

## II. LEGAL STANDARD

"The traditional function of an *amicus curiae* is to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015), *quoting* 3-28 *Moore's Manual-Federal Practice and Procedure* § 28.84 (2014). When a party has "an important interest and a valuable perspective on the issues presented," the court should allow admission as an amicus. *Bd. Of Educ. v. U.S. Dep't of Educ.,* No. 2:16-CV-524, 2016 U.S. Dist. LEXIS 107614, *17 (S.D. Ohio May 24, 2016), *quoting U.S. v. City of Columbus*, No. 2:99-cv-1097, 2000 WL 1745293, *1 (S.D. Ohio Nov. 20, 2000). It is well-settled that courts have broad discretion in granting leave to appear as an amicus to assist the court. *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir. 1991). In applying this discretion, courts should consider whether "the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.*

## III. ANALYSIS

The operation and maintenance of the Cleveland Harbor is of general public interest such that supplementation of the efforts of the parties' counsel is appropriate. As evidenced by the regular media coverage and the significant turnout for several public meetings, this litigation affects matters of general public interest, *i.e.* the financial implications of the navigability of the Cleveland Harbor and the environmental health of Lake Erie.

Movant Cuyahoga County is in a unique position and has an important, strong interest in representing the interests of the citizens of the affected region. This lawsuit raises issues that affect

the financial interests of County businesses and residents, the health and safety of residents seeking to enjoy Lake Erie, and the economic stimulus of a healthy lakefront and harbor.  Movant can contribute a valuable perspective on the dispute between the plaintiffs and defendants.  As such it should be granted leave to appear as an amicus in this matter.  See *Bd. Of Educ.*, 2016 WL 4269080 at *17-18 (granting State of Ohio leave to appear as an amicus in an action alleging discrimination against a local school district based upon Ohio's "strong interest in the operation of local public schools in Ohio").

In 2011, after years of negotiation and litigation, this Court entered a Federal Consent Decree between the Federal and State governments and the Northeast Ohio Regional Sewer District.  *U.S and State of Ohio v. NEORSD*, Case No: 1:10-cv-02895-DCN.  That Consent Decree mandates a comprehensive program of remedial measures estimated to cost the local ratepayers $3 billion in order to achieve the goals of the Clean Water Act of protecting Lake Erie, a designated sensitive area.  As a government representing citizens shouldering this heavy burden, Cuyahoga County has an important interest in protecting the benefits of the mandatory remedial work.  Similarly, the County has a valuable perspective on the financial implications associated with maintaining safe commercial navigation of the Cleveland Harbor and cleaning up Lake Erie.

*Amicus Curiae* ArcelorMittal Cleveland LLC was granted leave to file an amicus brief in this matter. See Order [non-document] entered 1/25/17.  The concerns articulated by amicus Arcelor Mittal in its Amended Motion for Leave to Appear as *Amicus Curiae* and File an Amicus Brief are not unique to that business.  Doc. #107 and 107-1.  Multiple businesses rely on the navigability of the Cleveland Harbor. Those businesses support the County economy and employ County residents.  Cuyahoga County has maintained an active interest in these issues, submitting relevant comments and holding a hearing before County Council.  *See* comments of Mike Foley,

Cuyahoga County Director of Sustainability, on behalf of Cuyahoga County Executive Armond Budish attached as Exhibit B, AR0005614 at 5656-58; and statement quoted at the hearing attached as Exhibit B-1. Additionally, Lake Erie provides significant recreational value to the County, including swimming, boating and fishing opportunities. Likewise, the cleaner Lake encourages lakefront development, which is important to the County economy.

The County's proposed brief is useful and necessary to the administration of justice. The County's brief informs the Court regarding the true allocation of costs associated with complying with the Clean Water Act with a broader local perspective. The Corps' presentation of its position is misleading by suggesting that its duty to comply with all of the Clean Water Act should be borne by local interests as opposed to utilizing dedicated Federal funds. The Corps misleadingly states that "federal taxpayer" dollars fund the maintenance and operation of the Cleveland Harbor. Furthermore, the parties do not address the existing $3 billion Federally-imposed burden on citizens of Cuyahoga County and northeast Ohio to achieve Clean Water Act compliance. An accurate understanding of the comprehensive goals and applicability of the Clean Water Act, including Ohio's water quality standards, and the funding of such compliance is necessary for the Court to resolve this dispute.

The County's motion for leave to appear as amicus is timely. *See United States ex rel. Roby v. Boeing Co.*, 73 F. Supp. 2d 897, 900-01 (S.D. Ohio 1999) (finding motion for amicus was timely filed in the midst of briefing cross-motions for summary judgment); *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 286 (1996) (same). This motion is filed in the middle of briefing cross-motions for summary judgment. Specifically, Plaintiffs have filed their motion and response to Defendants' motion; Defendants have filed their cross-motion and response and have an opportunity to file a reply by February 6, 2017.

## IV.     CONCLUSION

Based upon the foregoing, Cuyahoga County has a substantial interest in this dispute arising from the Corps' pitting the commercial navigability of the Cleveland Harbor against the water quality of Lake Erie, placing both in jeopardy annually.  The County has a unique perspective and its amicus brief provides important information that will assist the Court in assessing the merits of the parties' arguments.  Accordingly, Cuyahoga County respectfully requests an order granting this motion for leave to file an amicus brief.

Respectfully Submitted,

**Cuyahoga County Department of Law**
**ROBERT J. TRIOZZI, Director (0016532)**

*/s/ Robin M. Wilson*
Robin M. Wilson (0066604)
Chief Trial Council
County Administrative Headquarters
2079 East 9th Street
Cleveland, OH 44115
(216) 443-7042 (Telephone)
(216) 698-2744 (Facsimile)
rwilson@cuyahogacounty.us

*Attorneys for Proposed Amicus Curiae Cuyahoga County*

[Representation and designation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Department of Law]

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2017, a copy of the foregoing was filed electronically via the Court's electronic filing system to all parties indicated on the electronic filing receipt.

    Respectfully Submitted,

**Cuyahoga County Department of Law**
**ROBERT J. TRIOZZI, Director (0016532)**

*/s/ Robin M. Wilson*
Robin M. Wilson (0066604)
Chief Trial Council
County Administrative Headquarters
2079 East 9th Street
Cleveland, OH 44115
(216) 443-7042 (Telephone)
(216) 698-2744 (Facsimile)
rwilson@cuyahogacounty.us

*Attorneys for Proposed Amicus Curiae Cuyahoga County*

[Representation and designation pursuant to August 27, 2013 Agreement governing the division of duties between the Cuyahoga County Prosecutor's Office and Department of Law]